IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 mj 18-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHN COLEMAN CARVER, III, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#48) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Stephen Cash, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report.

The Defendant was charged in a bill of information (#1) with discharging a pollutant into a water of the United States without a permit, in violation of 33 U.S.C.

1

§§ 1311(a) and 1319(c) (1)(A).  Defendant entered a plea of guilty to that offense on December 16, 2013 (#15) and a Judgement was entered by United States District Judge Martin Reidinger on March 13, 2015 (#31) ordering Defendant to serve a term of probation.  On August 12, 2016, the United States Probation Office filed a Petition (#38) alleging that Defendant had violated terms and conditions of his supervised release.  Defendant was released on terms and conditions of pretrial release by United States Magistrate Judge David Keesler on October 19, 2016 (#46) and (#47).  Thereafter, a Violation Report (#48) was filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his supervised release by testing positive for the use of morphine, Oxycodone, and methamphetamine.

On November 2, 2016, Defendant was asked to submit to an urinalysis for the purpose of drug testing and a sample was taken by Justin Adams, United States Probation Officer.  Officer Adams testified that after taking the sample, he submitted it to Jenny Leiser, the Drug Laboratory Manager for the United States Probation Office for the Western District of North Carolina.  Ms. Leiser tested the sample and issued a report (Government's "Exhibit 5") stating that as a result of her testing, Defendant had tested positive for opiates, amphetamines and Oxycodone.  In Exhibit "5", Ms. Leiser set forth a note that stated, "High level amphetamine positive-inconsistent with over-the-counter use."  Ms. Leiser testified that thereafter she sent

the remaining sample to an independent testing agency, that being Alere of Richmond, VA. In "Exhibits 3 and 4", Alere, the independent testing lab reported that Defendant's sample of urine had tested positive for the use of methamphetamine, morphine, and Oxycodone.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)     finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)     finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. Defendant used, during the period of time he was on release, morphine, Oxycodone, and

methamphetamine. To use these substances, Defendant had to possess them. The consumption of methamphetamine is a felony under federal and state law. 21 U.S.C. § 844, N.C.G.S. § 90-95(a)(3). The use of morphine and Oxycodone without a prescription is a state felony. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed federal and state felonies, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Morphine and Oxycodone are prescribed by licensed practitioners, but methamphetamine is not prescribed by any licensed medical practitioner. Defendant has violated this condition by possessing methamphetamine and using that substance which is a drug that is not prescribed by any licensed medical practitioners.

Due to the findings made above, and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that

will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending Petition (#48) alleging that Defendant has violated terms and conditions of probation.

_____
Dennis L. Howell
United States Magistrate Judge